```
                UNITED STATES DISTRICT COURT            FILED
                NORTHERN DISTRICT OF ALABAMA
                    NORTHEASTERN DIVISION           00 JAN 21 PM 1:05

                                                     ... ... . COURT
ALICIA NEWTON,                  )                    N.D. OF ALABAMA
                                )
      Plaintiff,                )
                                )
vs.                             ) Civil Action No. CV-99-S-3034-NE
                                )
CITY OF CULLMAN, ALABAMA;       )
THE CULLMAN CITY POLICE         )                      ENTERED
DEPARTMENT; AND CHIEF OF POLICE )
KENNY CULPEPPER,                )                     JAN 21 2000
                                )
      Defendants.               )
```

## MEMORANDUM OPINION

This action is before the court on defendants' motion to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted (doc. no. 6). In their two-page motion, defendants enumerate twenty separate grounds for the dismissal of this action. In their supporting brief, however, defendants limit their discussion to three of the twenty grounds. Likewise, this court limits its discussion to the grounds actually briefed by defendants. As discussed below, the court finds that defendants' motion is due to be granted.

### I.  BACKGROUND

Plaintiff, a former police officer for the Cullman City Police Department, commenced this action on November 12, 1999 by filing a two count complaint in this court. In Count I, plaintiff asserts

that the City of Cullman intentionally discriminated against her on the basis of her sex, female, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"). (Plaintiff's complaint at 12.) In Count II, plaintiff contends that all defendants "unlawfully deprived her of the rights guaranteed her under the Equal Protection Clause of the Fourteenth Amendment and under Title VII," a claim brought through the conduit of 42 U.S.C. § 1983. (Id. at 13-14.)

Specifically, plaintiff contends that while she was employed as a police officer, she was subjected to several different instances of gender discrimination, including:

> [S]he was treated differently than similarly situated male employees because of her gender, female. Plaintiff was repeatedly harassed by agents and employees of the Cullman City Police Department, which constituted hostile environment sexual harassment. Although the Defendant Police Department and Defendant Culpepper knew or should have known about the environment, it failed to take adequate remedial measures to protect Plaintiff against this discrimination. Defendants have failed to provide a reasonably effective system (or any system at all) to deal with sex discrimination and/or sexual harassment. The Defendants discriminated against Plaintiff in the terms and conditions of her employment due to her gender, female, in violation of Title VII. The Defendants ultimately constructively discharged Plaintiff by subjecting her to extreme discrimination and working conditions that no reasonable person could be expected to endure.

(Id. at 2-3.) Plaintiff seeks to be compensated for lost income,

mental anguish, and emotional distress; she seeks injunctive relief "in the form of receiving her job back and equal treatment in that job;" she seeks attorneys' fees, costs, and "such other relief as may be appropriate." (*Id.* at 14.)

## II. STANDARD OF REVIEW

A court may dismiss a complaint for failure to state a claim only if it is clear that no relief can be accorded plaintiffs under any set of facts that could be proven consistent with the allegations in the complaint. *See Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *see also Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986) ("[W]e may not ... [dismiss] unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims in the complaint that would entitle him or her to relief."). The threshold requirements for a complaint to survive a Rule 12(b)(6) motion to dismiss thus are "exceedingly low." *Williams v. City of Montgomery*, 21 F. Supp. 2d 1360, 1363 (M.D. Ala. 1998).

## III. DISCUSSION

Plaintiff has sued Defendant Culpepper, the chief of police, only in his official capacity and only under Count II of her complaint. Defendants move to dismiss this claim against defendant

3

Culpepper, because plaintiff also sued Culpepper's employer, the City of Cullman, Alabama. Defendants argue that both claims are redundant, and the court agrees.

When an officer is sued under Section 1983 in his official capacity, the suit is simply "another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985). "Such suits against municipal officers are therefore, in actuality, suits directly against the city that the officer represents." *Busby v. City of Orlando*, 931 F. 2d 764, 776 (11th Cir. 1991). Thus, the court hereby dismisses plaintiff's claims against defendant Culpepper in his official capacity, as plaintiff has also brought a claim against the City of Cullman. *See Busby*, 931 F.2d at 776 (affirming district court's dismissal of plaintiff's claims against defendants in their official capacity because to keep both the City and the officers would have been redundant and possibly confusing to the jury).

Defendants also move to dismiss plaintiff's demand for punitive damages against the City of Cullman, arguing that municipalities are not liable for punitive damages under either § 1983 or Title VII. Although plaintiff's complaint does not

4

specifically include a demand for punitive damages, it does request the court to "[a]ward such other relief as may be appropriate." (Plaintiff's complaint at 14.) Such language is sufficiently broad to include a demand for punitive damages and, thus, the court addresses the merits of defendants' argument.

Governmental entities are expressly exempt from punitive damages under Title VII. *See* 42 U.S.C. § 1981a(b)(1) ("A complaining party may recover punitive damages under this section against a respondent (other than a government, government agency or political subdivision)..."). On the other hand, Section 1983 does not expressly immunize governmental entities from punitive damages, however, the Supreme Court has held that "a municipality is immune from punitive damages under 42 U.S.C. § 1983." *City of Newport v. Fact Concerts, Inc.*, 452 U.S. 247, 271, 101 S.Ct. 2748, 2762, 69 L.Ed.2d 616 (1981). The Court's rationale was three fold: (1) municipalities enjoyed that immunity at common law, *Id.* at 259-63, 101 S.Ct. at 2756-58; (2) neither the language nor legislative history of § 1983 demonstrated Congress' intent to abolish that immunity, *Id.* at 263-66, 101 S.Ct. at 2758-59; and (3) such immunity is compatible with the policy goals of § 1983, *Id.* at 266-71, 101 S.Ct. at 2759-62. Therefore, the City of Cullman cannot be

held liable for punitive damages under Title VII or § 1983.

## IV. CONCLUSION

Based on the foregoing, the court finds that defendants' motion is due to be granted, and plaintiff's demand for punitive damages against the City of Cullman, as well as her claim against defendant Culpepper is due to be dismissed. An order consistent with this memorandum opinion will be entered contemporaneously herewith.

DONE this **21st** day of January, 2000.

*[signature]*
United States District Judge